```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


MICHAEL HOWARD                  :
                                :
     Plaintiff,                 :
                                :
v.                              :    Case No. 3:14-cv-947(RNC)
                                :
CONNECTICUT DEPARTMENT OF       :
TRANSPORTATION                  :
                                :
     Defendant.                 :
                                :
```

RULING AND ORDER

Plaintiff Michael Howard, proceeding pro se, brings this action against his former employer, the Connecticut Department of Transportation (the "DOT"), under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act. Defendant has moved to dismiss on the ground of res judicata. For the reasons that follow, the motion is denied.

I. Background

Plaintiff is an African-American male who worked as a Maintainer for the DOT from 1989 until his termination in 2009. From 2002 through 2004 plaintiff worked under Transportation General Supervisor Brian Brouillard at the Groton Maintenance Garage. Plaintiff received two unsatisfactory performance reviews by Brouillard. Shortly thereafter, plaintiff signed a stipulation agreement (the "Last Chance Agreement") that any subsequent disciplinary action would result in termination.

Plaintiff was subsequently transferred to the Waterford Maintenance Garage.  On May 16,2008, an assistant agency personnel administrator at the DOT issued a letter terminating Howard's employment for violating the Last Chance Agreement.  Howard then filed his first complaint with the Connecticut Commission on Human Rights and Opportunity ("CHRO").  Rather than prosecute the claim, however, Howard entered into a second Last Chance Agreement with the DOT in August 2008 and returned to work at the Waterford garage.  There, his work was once against overseen by Brouillard, who had been transferred to Waterford.  Following two incidents -- one in November 2008 and another in February 2009 -- plaintiff was terminated for breaching the Last Chance Agreement.

On March 3, 2009, plaintiff filed an affidavit of illegal discriminatory practice with the CHRO and the Equal Employment Opportunity Commission ("EEOC").  The EEOC suspended its investigation and referred plaintiff to the CHRO.  Plaintiff's affidavit contained three claims:

> (1) Disparate treatment on the basis of race and color under Conn. Gen. Stat. § 46a-60(a)(1) or 46a-58(a) and Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000e, et seq.;
>
> (2) Failure to provide reasonable accommodation-based disability discrimination under Conn Gen. Stat. § 46a-60(a)(1) and the Americans with Disabilities Act (the "ADA"), § 42 U.S.C. 12101; and

> (3) Stated grounds for termination were pretext; plaintiff was fired for the reasons above as well as retaliation for opposing discriminatory practices.

The CHRO investigator conducted an initial merits assessment review and found reasonable cause to believe that an unfair practice was committed as alleged in the affidavit. Following unsuccessful mediation efforts, the CHRO held a two-day hearing in April 2013. Plaintiff was represented by counsel at the hearing. Following the submission of post-hearing briefs in May 2013, the referee dismissed all three of plaintiff's claims on October 31, 2013. With regard to plaintiff's first claim, the referee found that plaintiff had established a prima facie case of discrimination but could not prove by a preponderance of the evidence that the DOT's legitimate, non-discriminatory reasons for termination were pretextual. The referee also found that plaintiff failed to satisfy his burden to produce evidence of discriminatory animus on the part of his superiors. With regard to plaintiff's second claim, the referee found that the DOT engaged in the statutorily mandated "interactive process" to reasonably accommodate plaintiff's alleged disability, but was relieved of further obligations on plaintiff's termination. Finally, the referee found that plaintiff failed to brief his third claim. Plaintiff did not appeal the referee's judgment. Rather, he requested a right to sue letter from the EEOC and

filed this suit, pro se, on June 30, 2014, alleging discrimination in violation of Title VII and the ADA.

The DOT moves to dismiss plaintiff's complaint on the ground of res judicata.  The DOT argues that both the CHRO matter and the present matter arise out of plaintiff's termination of employment with the DOT.  The CHRO matter was litigated to the fullest extent possible and plaintiff should therefore not be afforded a second opportunity to litigate his claims.  Plaintiff responds that his CHRO matter was not fully litigated because his counsel failed to adequately represent his interests before the CHRO referee, the post-trial brief his counsel filed did not mention the affirmative action report or the CHRO full investigation, and the referee erred in not considering the affirmative action division's report.  Thus, plaintiff urges that this matter should proceed.

II. Discussion

Though res judicata is an affirmative defense, it may be raised on a motion to dismiss under Rule 12(b)(6).  See Sullivan v. Hyland, 647 F. Supp. 2d 143, 152 (D. Conn. 2009).  "Dismissal under [Rule] 12(b)(6) is appropriate when . . . it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law."  Conopco, Inc. v. Roll Intern., 231 F.3d 82, 86 (2d Cir. 2000).

4

Defendant argues that the disposition of plaintiff's CHRO complaint precludes this suit. Under the Full Faith and Credit statute, 28 U.S.C. § 1738, federal courts are required "to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." Kremer v. Chem. Constr. Corp., 456 U.S. 461, 466 (1982). Section 1738 does not apply, however, to unreviewed state agency determinations. Univ. of Tennessee v. Elliott, 478 U.S. 788, 794 (1986). Such determinations are nevertheless frequently granted preclusive effect under federal common law "in the absence of a governing statute" indicating a contrary congressional intent. Id. at 797-99.

Congress has expressed such an intent in the area of employment discrimination. In Elliott, the Supreme Court held that for purposes of Title VII claims, the rule of preclusion set forth in Kremer does not extend to administrative determinations when the plaintiff has not sought judicial review in state court. See 478 U.S. at 795. The Court observed that statutory provisions requiring the EEOC to give "'substantial weight to final findings and orders made by State or local authorities in proceedings commenced under State or local law' . . . would make little sense if state agency findings were entitled to preclusive effect in Title VII actions in federal court." Id. (quoting 42 U.S.C. § 2000e-5(b)); see also Joseph v. Athanasopoulos, 648 F.3d

5

58, 62 (2d Cir. 2011) ("The Court then declined to fashion a common law rule affording preclusive effect to these unreviewed administrative determinations in the Title VII context, finding that such a rule would be inconsistent with Congress's intent that Title VII plaintiffs receive a trial de novo in federal court following state administrative proceedings.").  It is thus well established that an unreviewed state administrative determination does not preclude de novo federal court consideration of a Title VII claim.

What is less clear, however, is whether Elliott applies to ADA claims.  The Supreme Court has extended Elliott beyond its facts.  See Astoria Fed. Savs. & Loan Ass'n v. Solimino, 501 U.S. 104, 110-14 (1991) (ADEA claims).  But neither the Court nor the Second Circuit have ruled directly on the issue here.  Still, the First and Ninth Circuits and several courts within this Circuit have extended Elliott to ADA claims.  See Medeiros v. City of San Jose, No. 98-16530, 1999 WL 613405, at *1 (9th Cir. Aug. 12, 1999); Thomas v. Contoocook Valley Sch. Dist., 150 F.3d 31, 39 n. 5 (1st Cir. 1998); Joseph v. HDMJ Restaurant, Inc., 685 F. Supp. 2d 312, 317 (E.D.N.Y. 2009); Smith-Henze v. Edwin Gould Servs. for Children and Families, No 06 Civ. 3049 (LBS)(DCF), 2006 WL 3771092, at *3-4 (S.D.N.Y. Dec. 21, 2006); Greenberg v. N.Y.C. Transit Auth., 336 F. Supp. 2d 225, 243 (E.D.N.Y. 2004); Jones v. N.Y.C. Hous. Auth., No. 94 Civ. 3364, 1995 WL 736916, at *1-2

(S.D.N.Y. Dec. 13, 1995). But see Cobian v. City of New York, No. 04 Civ. 1941 (GEL), 2006 WL 212292, at *5 (S.D.N.Y. Jan. 24, 2006) (plaintiff's ADA claim barred by decision of city administrative law judge); Kalanquin v. Heublein, Inc., 3:98CV1990 (EBB), 1999 WL 1249285, at *3-4 (D. Conn. June 21, 1999) (same). Dicta from the Second Circuit further suggests extending the rule to ADA claims. See Kosakow v. New Rochelle Radiology Assoc., 274 F.3d 706, 728 (2d Cir. 2001) (noting in dicta that "to the extent [plaintiffs'] employment discrimination claims were based on the ADA, the determination of the [New York State Division of Human Rights] would have no effect on subsequent federal litigation.").

Defendants rely on Kalanquin to argue that this Court should apply Kemer, not Elliott, and dismiss plaintiff's ADA claim. Kalanquin, however, is inapposite. There, unlike in the present case, the plaintiff sought review in the Connecticut Superior Court, which affirmed the CHRO's decision and dismissed the appeal. 1999 WL 1249285, at *1. This Court agrees with the case law and Second Circuit dicta extending Elliott to ADA claims when, as here, agency determinations are unreviewed.

Although plaintiff's claims were resolved on the merits by the CHRO, that administrative determination was not affirmed by a state court. Consequently, the adverse administrative determination does not preclude plaintiff from pursuing his Title

7

VII or his ADA claim in federal court.

VI.  <u>Conclusion</u>

Accordingly, defendant's motion to dismiss is hereby denied. Defendant's motion to stay discovery is also denied.

So ordered this 30th day of September, 2015.

/s/ RNC
Robert N. Chatigny
United States District Judge
