UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL HOWARD            :
                          :
    Plaintiff,            :
                          :
v.                        :     Case No. 3:14-cv-947(RNC)
                          :
STATE OF CONNECTICUT      :
DEP'T OF TRANSPORTATION,  :
                          :
    Defendant.            :

## RULING AND ORDER

Plaintiff Michael Howard brings this action against his former employer, the Connecticut Department of Transportation ("DOT"), alleging racial discrimination in violation of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., and disability discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq. Defendant filed a properly supported motion for summary judgment in May 2016. Plaintiff took no action in response to the motion for more than a year and his recent request for leave to file a response to the motion has been denied.[1] In support of the motion for summary judgment, defendant has shown that plaintiff's employment with DOT was terminated after he violated DOT work rules while subject to a last chance agreement. Review of the record provides no

---

[1] Plaintiff's request stated that the motion had been "inadvertently missed." Pl.'s Mot. Ext. Time, ECF No. 81. The request was denied for failure to show good cause for the lengthy delay in responding. Order, ECF No. 82.

indication that summary judgment is not factually or legally appropriate. Accordingly, the motion is granted.

I. Background

The record shows the following. Plaintiff worked for DOT from 1989 to 2009. Compl. 8, ECF No. 1. He most recently worked as a "maintainer" responsible for maintenance, construction and repair of roads. Def.'s 56(a)(1) Stmt. ¶ 32, ECF No. 60-2. On his yearly performance reviews from 1989 through 2003, he received ratings of "at least satisfactory." Compl. 8. However, he did not get along with his supervisor and received multiple write-ups for disciplinary reasons. Def.'s 56(a)(1) Stmt. ¶ 34; Compl. 8. In 2005, plaintiff signed a "last chance agreement" and was transferred. Compl. 8. The relevant provision of the agreement stated, "Mr. Howard acknowledges and understands that ANY further fact-findings that result in ANY disciplinary action beyond a counseling will result in his termination from State service." Def.'s 56(a)(1) Stmt. ¶ 24. The agreement was valid from 2005 through 2008. In 2008, plaintiff signed another stipulated agreement reinstating the terms of the 2005 agreement. Def.'s 56(a)(1) Stmt. ¶¶ 27-29.

On January 20, 2009, plaintiff's employment with DOT was terminated. Def's 56(a)(1) Stmt. Ex. N, at 1, ECF No. 60-4. The stated reasons for the termination were "continued violation of

Department policies, procedures and practices, which in the most recent instances, have resulted in a violation of your Stipulated Agreements dated August 30, 2005 and August 28, 2008." Id.

II. Discussion

Under Federal Rule of Civil Procedure 56, summary judgment may be granted if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In determining whether a genuine issue of material fact exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The court's role is not to weigh the evidence but to identify and dispose of claims that cannot succeed because they lack an adequate legal or factual basis.

If a party fails to oppose a motion for summary judgment, the court does not simply enter judgment for the moving party. Jackson v. Fed. Express, 766 F.3d 189, 194 (2d Cir. 2014). Instead, the court examines "the moving party's submissions to determine if it has met its burden of demonstrating that no material fact remains for trial." Amaker v. Foley, 274 F.3d 677, 681 (2d Cir. 2001). In conducting this examination, the court must bear in mind two rules: a plaintiff who fails to file a response to a defendant's statement of material facts is deemed

to have admitted any properly supported facts set forth in the statement; and a plaintiff who would bear the burden of proof at trial cannot avoid summary judgment unless the record contains evidence sufficient to allow a trier of fact to find in his favor. Id. These rules often will make it difficult for a plaintiff to avoid summary judgment when no response to a properly supported motion for summary judgment has been filed. Even so, the court must examine every claim or defense with a view to determining whether summary judgment is legally and factually appropriate. Id. After conducting the required review, I conclude that the motion for summary judgment must be granted as to both of plaintiff's claims.

    A. ADA Claim

Plaintiff alleges that he was discriminated against by DOT in violation of the ADA. The complaint does not indicate whether it is brought under Title I of the ADA, which applies to employment, or Title II, which applies to government programs. Because the complaint alleges employment discrimination, however, it is construed to allege a claim under Title I. See Henny v. New York State, 842 F. Supp. 2d 530, 550 (S.D.N.Y. 2012). The complaint requests back pay and injunctive relief. Defendant contends that the claim is barred under the Eleventh Amendment. Def.'s Mem. 4, ECF No. 60-1. I agree.

4

The Eleventh Amendment bars suits against state agencies such as DOT. See Regents of Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997); Fla. Dep't of Health & Rehab. Servs. v. Fla. Nursing Home Ass'n, 450 U.S. 147, 150 (1981). The Eleventh Amendment applies unless the state has affirmatively waived its immunity from suit, Lapides v. Bd. of Regents of Univ. Sys. of Ga., 535 U.S. 613, 618 (2002), or Congress has passed a statute pursuant to section five of the Fourteenth Amendment to abrogate the immunity. Nev. Dep't of Human Res. v. Hibbs, 538 U.S. 721, 726 (2003). The Supreme Court has held that the Eleventh Amendment bars suits for money damages under Title I of the ADA. Bd. of Trs. of Univ. of Ala. v. Garrett, 531 U.S. 356, 374 (2001). Accordingly, to the extent plaintiff seeks back pay under the ADA, the motion for summary judgment must be granted.

The Eleventh Amendment does not bar an action for injunctive relief under Title I of the ADA if the suit satisfies the requirements of Ex parte Young, 209 U.S. 123 (1908). See Bd. of Trs., 531 U.S. at 374 n.9. Ex parte Young permits suits for prospective injunctive relief against state officers in their official capacities to remedy ongoing violations of federal law. Ex parte Young does not apply here because the complaint does not name a state official. See Henny, 842 F. Supp. 2d at 545 n. 13.

Accordingly, the claim for injunctive relief under Title I is also barred.[2]

B. Title VII Claim

Plaintiff alleges that DOT discriminated against him on the basis of race when his employment was terminated. Compl. 5, ECF No. 1. This claim is analyzed using the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). To establish a prima facie case of discrimination, plaintiff must show that the termination of his employment occurred in circumstances giving rise to an inference of discrimination. Johnson v. Conn. Dep't of Admin. Servs., 972 F. Supp. 2d 223, 242 (D. Conn. 2013) (citing Vivenzio v. City of Syracuse, 611 F.3d 98, 106 (2d Cir. 2010)). "The burden of establishing a prima facie case is not onerous, and has been frequently described as minimal." Scarina v. Rubin, 117 F.3d 652, 654 (2d Cir. 1997). If plaintiff establishes a prima facie case, the burden shifts to the defendant to proffer a legitimate,

---

[2]Even if plaintiff could seek an injunction under Title I requiring that he be reinstated to his position in state service, his claim would still fail at this stage of the case. To prevail on his Title I claim, plaintiff would have to demonstrate that he was terminated because of a disability. Shannon v. N.Y. City Transit Auth., 332 F.3d 95, 99 (2d Cir. 2003). Defendant has shown that plaintiff was terminated for infractions while on a last chance agreement unrelated to any disability. Def.'s Local R. 56(a)(1) Stmt. ¶¶ 15, 60, 73.

"nondiscriminatory reason" for its action.  James v. N.Y. Racing Ass'n, 233 F.3d 149, 154 (2d Cir. 2000).  If the defendant proffers such a reason, it will be entitled to summary judgment "unless the plaintiff can point to evidence that reasonably supports a finding of prohibited discrimination."  Id. Specifically, the plaintiff must demonstrate that the reason offered by the defendant was merely a pretext or cover-up for discrimination.  Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 143 (2000).

In response to plaintiff's Title VII claim, DOT states that his employment was terminated because he violated work rules while under a last chance agreement that stated he would be terminated if he received further discipline.  Def.'s Mem. 8–9, ECF No. 60-1.  This is the same explanation DOT provided at the time of the termination.

Review of the record discloses no reason to think DOT's explanation for the termination is a pretext for discrimination. There is no indication that similarly situated employees outside plaintiff's protected group were not terminated.  In the absence of such evidence, plaintiff cannot prevail on the Title VII claim.

III. Conclusion

Accordingly, the motion for summary judgment is hereby granted. The Clerk may enter judgment and close the file.

So ordered this 28th day of September 2017.

_____/s/RNC_____
Robert N. Chatigny
United States District Judge